**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHARLES STICKEL,    :<br>    Plaintiff    :<br>    :<br>v.    :<br>    :<br>SMP SERVICES, LLC., <u>et al.</u>,    :<br>    Defendants    : | No. 1:15-cv-00252<br><br>(Judge Kane) |

## <u>MEMORANDUM</u>

Plaintiff moves the Court to approve its proposed settlement of the above-captioned case brought under the Fair Labor Standards Act. (Doc. No. 26.) For the reasons that follow, the Court will grant the motion in part.

**I.    BACKGROUND**

On February 4, 2015, Plaintiff Charles Stickel filed a complaint, seeking back wages for alleged overtime, against Defendants SMP Services, LLC, GSP Management Co., Country Manor West Management, LLC, and Frank Perano. (Doc. No. 1.) Plaintiff's complaint brings claims under the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), and the Pennsylvania Wage Payment and Collection Law ("WPCL"). (<u>Id.</u>) Specifically, Plaintiff alleges that Defendants employed Plaintiff as a "maintenance lead" for approximately four years and failed to pay Plaintiff for the 5-10 hours of overtime Plaintiff often worked each week. (Doc. Nos. 1 ¶¶ 15-17, 21-23; 14 ¶¶ 16-18, 22-25.)

On October 9, 2015, Plaintiff filed notice of a joint proposed consent order between Plaintiff and Defendants. (Doc. No. 24.) The proposed consent order represented that Plaintiff had accepted Defendants' offer to settle and that the "sum includes payment for alleged back wages, liquidated damages, costs and attorney's fees." (<u>Id.</u> at ¶¶ 6-7; <u>see</u> Doc. No. 26 ¶ 11.) On

October 23, 2015, the Court ordered that Plaintiff submit the terms of the proposed settlement agreement as well as any evidence supporting an award of attorneys' fees. (Doc. No. 25.) On November 6, 2015, Plaintiff submitted the terms of the negotiated settlement and release in addition to documents supporting the requested $20,353.01 in attorneys' fees and costs. (Doc. No. 26.)

**II.     DISCUSSION**

Plaintiff moves the Court to approve the proposed settlement agreement as well as the proposed award of attorneys' fees and costs. The Court discusses each proposal in turn.

**A.     Proposed settlement agreement**

The Fair Labor Standards Act was designed to "protect certain groups of the population from substandard wages and excessive hours." Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). The FLSA is "uniquely protective", Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015), as "FLSA rights cannot be abridged by contract or otherwise waived." Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 740 (1981) (quoting Brooklyn Sav. Bank, 324 U.S. at 707).

Cases arising under the FLSA, in fact, may be settled only if either (1) the Secretary of Labor supervises an employer's payment of unpaid wages to employees or (2) a district court enters a stipulated judgment after determining that a proposed settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982); accord Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1307 (11th Cir. 2013). The United States Court of Appeals for the Second Circuit reasoned that requiring judicial or Department of Labor approval of FLSA settlements furthers "the FLSA's underlying purpose:" assuring "able-bodied working men and women a fair day's pay for a fair

day's work."[1] Cheeks, 796 F.3d at 206 (holding that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect").

The United States Court of Appeals for the Third Circuit has not addressed the factors district courts should weigh when evaluating FLSA settlements. However, courts within this circuit have relied on the considerations set forth in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982). See, e.g., Kraus v. PA Fit II, LLC, No. 15-4180, 2016 WL 125270, at *4 (E.D. Pa. Jan. 11, 2016). In Lynn's Food Stores, the United States Court of Appeals for the Eleventh Circuit concluded that a district court may approve a FLSA settlement that resolves a "bona fide dispute" and "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages." Lynn's Food Stores, Inc., 679 F.2d at 1354-55.

Here, the parties disagree over whether Plaintiff worked overtime hours, (see Doc. Nos. 21 at 2-3; 26 ¶ 9), the "applicability of any liquidated damages provisions under the FLSA" (Doc. No. 26 ¶ 9), and whether Plaintiff is exempt under the FLSA (Doc. No. 21 at 3). Furthermore, under the terms of the settlement agreement, Defendants continue to deny that they violated the FLSA or that they are liable to Plaintiff. (Doc. No. 26-1 at 2.) This combination of factors leads the Court to find that the proposed settlement resolves a "bona fide" FLSA dispute. Cheeks, 796 F.3d at 203. Accordingly, the Court turns to assess "whether the agreement is fair and reasonable to the plaintiff employee" and "whether the settlement furthers or 'impermissibly frustrates' the implementation of the FLSA in the workplace." Bettger v. Crossmark, Inc., No. 13-2030, 2015 WL 279754, at *4 (M.D. Pa. Jan. 22, 2015) (interior citations omitted).

---

[1] The parties' proposed order requests that this Court dismiss the above-captioned case with prejudice. (Doc. No. 26 at 7; 26-1 at 9.)

3

Under the terms of the proposed settlement agreement, Defendants, inter alia, deny liability under the FLSA and agree to pay a total settlement amount of $50,000.00, which includes a $29,646.99 sum payable to Plaintiff. (See Doc. Nos. 26 at 10, 26-1 at 1-3.) The $29,646.99 sum represents $14,823.49 for the alleged back wages, (Doc. Nos. 26 ¶ 11; 26-1 at 3), and $14,823.50 for "liquidated damages" (Doc. No. 26-1 at 3). In turn, Plaintiff agrees to discharge Defendants from all claims Plaintiff may have had against Defendants as of October 5, 2015. (See id. at 4, 9, 10-11.) The proposed settlement provides that Plaintiff "face[d] various risks in litigation," has read the agreement, and has been represented by counsel. (Id. at 2, 11.) As such, the Court finds that the amount of the proposed settlement is fair and reasonable, and therefore merits approval.

The Court next turns to whether the proposed settlement agreement "furthers or 'impermissibly frustrates' the implementation of the FLSA in the workplace." Bettger, 2015 WL 279754, at *4 (interior citations omitted). Here, Section 7 of the proposed settlement agreement provides that the parties "keep the terms and amount of this Agreement completely confidential."[2] (Doc. No. 26-1 at 7.) District courts consistently find that "settlement agreements should not be kept confidential." See Brumley v. Camin Cargo Control, Inc., No. 08-1798, 2012 WL 300583, at *3 (D.N.J. Feb. 1, 2012) (collecting cases). "Shielding FLSA settlement agreements from the public" undermines the purpose of the FLSA and "prevents public scrutiny that otherwise attends to judicial documents and contributes to our collective understanding and safeguarding of justice." Garcia v. Jambox, Inc., No. 14-3504, 2015 WL 2359502, at *5 (S.D.N.Y. Apr. 27, 2015). Thus, the proposed confidentiality provision

---

[2] Plaintiff did not move the Court to file the proposed FLSA settlement under seal. (Doc. Nos. 26, 26-1.)

"frustrates the implementation of the FLSA in the workplace," and the Court cannot approve this provision. Brown, 2013 WL 5408575, at *3; Altenbach v. Lube Ctr., Inc., No. 08-02178, 2013 WL 74251, at *3 (M.D. Pa. Jan. 4, 2013). Accordingly, the Court finds that the proposed settlement agreement furthers the implementation of the FLSA in the workplace, excepting the proposed confidentiality provision.

      **B.    Reasonableness of attorneys' fees**

Plaintiff's counsel seeks an award $19,764.38 in attorneys' fees and $588.36 in costs. (Doc. No. 26 at 10.) As discussed below, the requested $19,764.38 sum reflects Plaintiff's contingency fee agreement, not the $16,773.75 award in attorneys' fees as calculated by the lodestar formula. (See id. at 11-14.) For the following reasons, the Court will award $16,773.75 to Plaintiff's counsel.

The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "Where plaintiffs obtain a favorable settlement in an action brought pursuant to the FLSA, they constitute prevailing parties and are entitled to attorney's fees." Andrews v. City of New York, 118 F. Supp. 3d 630 (S.D.N.Y. 2015). However, a district court is required to review the award of attorneys' fees "regardless of any contract between plaintiff and plaintiff's counsel." United Slate v. G & M Roofing & Sheet Metal Co., 732 F.2d 495, 504 (6th Cir. 1984). Judicial review "assure[s] both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

In FLSA cases, the United States Court of Appeals for the Third Circuit uses the lodestar formula to determine the amount of a reasonable fee. Loughner v. Univ. of Pittsburgh, 260 F.3d

173, 177 (3d Cir. 2001). The lodestar formula "requires multiplying the number of hours reasonably expended by a reasonable hourly rate." Id. The Court addresses Plaintiffs' proposed hourly rates and the number of hours expended in turn.

### 1. Reasonableness of hourly rate

Plaintiffs' co-counsel, Ari R. Karpf and Christine E. Burke, contend that the hourly rates charged are reasonable based on their experience and expertise. (Doc. Nos. 26 at 17; 26-3 at 4.) Managing partner Ari R. Karpf charged $375 an hour, a relatively high rate, during the pendency of this case. (Doc. Nos. 26 at 17; 26-2 at 2-3.) Partner Christine E. Burke charged $285.00 an hour. (Id.)

A court reviewing an hourly rate does so by "assess[ing] the experience and skill of the prevailing party's attorneys," and determining whether or not those fees are consistent with prevailing rates in the geographic area for similar services. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir.1990). A fair starting point for this reasonable rate is the attorney's "usual billing rate." Pub. Interest Research Grp. of N.J., Inc. v. Windall, 51 F.3d 1179, 1185 (3d Cir. 1995). Here, to justify the hourly rates charged, Plaintiff's counsel submits certifications of their qualifications and experience, (Doc. Nos. 26-3 at 2-4, 26-4 at 2-3), and the affidavit of a Philadelphia attorney, Sidney Gold (Doc. No. 26-3 at 8). Considering the prevailing market rate, the proffered documentation, and Plaintiff counsel's experience, the Court finds that Plaintiff counsel's hourly rates are reasonable.

### 2. Reasonableness of hours billed

The Court next turns to the reasonableness of the number of hours expended. The hours billed by Plaintiff's counsel break down as follows:

    1.    Ari R. Karpf:    8.55 hours at $375.00 per hour    $3,093.75

    2.    Christine E. Burke:    48 hours at $285.00 per hour    $13,680.00

(Doc. No. 26-2 at 2-3.)[3]  When calculating the hours reasonably expended, a district court "should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 178 (3d Cir. 2001). Similarly, a court may exclude hours when the evidence presented "inadequately documents the hours claimed." Rode, 892 F.2d at 1182-3.  Having reviewed the submitted documentation, the Court finds no reason to reduce the number of hours presented as expended by Ari R. Karpf and Christine E. Burke.

### 3. Contingency multiplier

Plaintiff's counsel concedes that the lodestar formula yields an award of $16,773.75 in attorneys' fees. (Doc. No. 26 at 12.) However, counsel urges the Court, in effect, to upwardly adjust the lodestar to an award $19,764.38 in attorneys' fees. (Id. at 11-14.) The $19,764.38 sum reflects Plaintiff's contingency fee agreement distributing forty percent of the recovery or settlement to Plaintiff's counsel.[4] (Doc. No. 26-5 at 2.)

Under 29 U.S.C. § 216(b), Plaintiff's counsel is entitled to recover "no more than reasonable attorney's fees as calculated by the lodestar approach." Lyle v. Food Lion, Inc., 954 F.2d 984, 989 n.2 (4th Cir. 1992); see Silva, 307 F. App'x at 351-52 (stating that the existence of a contingent-fee agreement "is of little moment in the context of FLSA"); United Slate, 732 F.2d at 504 (contingent-fee arrangement "does not impact [] the statutory burden of the employer").

---

[3] Among the 8.55 hours reported, Ari R. Karpf did not bill a conducted a conference call with client that occurred on February 27, 2015 and lasted 0.30 hour.

[4] The $19,764.38 sum represents approximatively 40 percent of the total settlement amount of $50,000.00. (Doc. No. 26 at 10.)

The district court, however, has the discretion to adjust the lodestar. Rode, 892 F.2d at 1183. In Rode, the Third Circuit discussed the "significant burden" a fee applicant faces to "obtain a contingency multiplier:"

> In order to obtain a contingency multiplier, the fee applicant must establish: (1) how the market treats contingency fee cases as a class differently from hourly fee cases; (2) the degree to which the relevant market compensates for contingency; (3) that the amount determined by the market to compensate for contingency is not more than would be necessary to attract competent counsel both in the relevant market and in its case; and (4) "that without an adjustment for risk the prevailing party 'would have faced substantial difficulties in finding counsel in the local or other relevant market.'"

Id. at 1184; see also Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 553 (2010) ("[A] fee applicant seeking an enhancement must produce 'specific evidence' that supports the award.").

Here, in support of the $19,764.38 sum, Plaintiff's counsel cites common fund cases, (Id. at 11), and effectively argues that the contingency multiplier is reasonable because Plaintiff had ample opportunity to pursue other law firms. (Id. at 13-14.) Counsel fails to address the standard established in Rode or sufficiently justify a fee award constituting forty percent of the total settlement. 892 F.2d at 1184. As such, Plaintiff's counsel has not met their burden to justify an upward adjustment of the lodestar. (Id. at 11-14); see, e.g., Walker v. Gruver, No. 11-1223, 2013 WL 5947623, at *20 (M.D. Pa. Nov. 5, 2013).

Accordingly, the Court approves the recovery of reasonable attorneys' fees as calculated by the lodestar formula and declines to approve the proposed $19,764.38 award in attorneys' fees. Plaintiff's counsel is to receive $16,773.75 in attorneys' fees and $588.36 in costs.

## III.   CONCLUSION

For the reasons stated above, Plaintiff's motion will be granted in part and the proposed settlement, as amended by this memorandum, will be approved as a fair and reasonable settlement. An order consistent with this memorandum follows.